VIRGINIA:
### IN THE CIRCUIT COURT FOR THE COUNTY OF WARREN

| | |
|---|---|
| JAMES E. DUNLAP,<br>                Plaintiff,<br><br>v.<br><br>L.E. MEYERS CO.<br><br>Serve: L.E. Meyers Co.<br>       1655 Hubbard Avenue<br>       Decatur, IL 62526<br>&<br><br>MYR GROUP, INC.<br>                Defendants.<br><br>Serve: MYR Group Inc.<br>       1701 Golf Road, Tw3-1012<br>       Rolling Meadows, Illinois 60008-4270 | Case No.: L10010875 |

### COMPLAINT

TO THE HONORABLE JUDGES OF SAID COURT, your Plaintiff, JAMES E. DUNLAP, by counsel, respectfully represents unto the Court as follows:

#### PARTIES, JURISDICTION AND VENUE

1. That your Plaintiff, James E. Dunlap, is a bona fide resident of and resides in Fayette County at 56 Ames Church Road, Lansing, West Virginia 25862.

2. That Defendant, L.E. Meyers Co., is a limited liability company, which is located at 1655 Hubbard Avenue, Decatur, Illinois 62526.

3. That Defendant, MYR Group, Inc., is a corporation, which is located at 1701 Golf Road, Tw3-1012, Rolling Meadows, Illinois 60008.

4. This Court has *in personam* jurisdiction over the Defendant L.E. Meyers Co. pursuant to Virginia Code Annotated §8.01-328.1.

5. This Court has *in personam* jurisdiction over the Defendant MYR Group, Inc. pursuant to Virginia Code Annotated §8.01-328.1.

6. Venue is appropriate because the Defendant L.E. Meyers Co. has registered agents in, and/or regularly conducts substantial business activity in Warren County, Virginia.

7. Venue is appropriate because the Defendant MYR Group, Inc. has registered agents in, and/or regularly conducts substantial business activity in Warren County, Virginia.

## GENERAL ALLEGATIONS

8. Plaintiff was employed by Defendants L.E. Myers, a subsidiary corporation of Defendant MYR Group, Inc., as a journeyman lineman, and a foreman on a 500 kilovolt transmission line project from Warren County, Virginia to Loudon County, Virginia.

9. Plaintiff is member of the International Brotherhood of Electrical Workers, Local 70 (hereafter referred to as "Local 70"). He has been a member since August 1987.

10. Defendants entered into a collective bargaining agreement with Local 70, a copy of which is attached hereto as Exhibit A.

## BREACH OF CONTRACT

11. On or about Tuesday, January 12, 2010, each L.E. Myers employee working on said project was required to take a urinalysis drug test.

12. Plaintiff submitted to the urinalysis test.

13. Plaintiff was given paperwork to complete prior to giving his specimen. The paperwork required Plaintiff's signature.

14. Following completion of the paperwork, Plaintiff received a cup with no lid.

15. Plaintiff eliminated in the cup and placed it on a designated table with three other unsealed specimens which were unmarked.

16. Plaintiff was informed that he could leave, and Plaintiff did so without witnessing his cup being labeled or sealed.

17. Plaintiff did not sign a chain of custody acknowledgment after providing his specimen.

18. On or about January 15, 2010, Plaintiff was informed that he was not to return to work until contacted by the Medical Review Officer.

19. On or about January 21, 2010, Plaintiff was contacted by the Medical Review Officer and informed that his urinalysis yielded a positive finding. A copy of said report is attached hereto as Exhibit B.

20. Plaintiff was terminated due to the Medical Review Officer's findings.

21. On or about January 27, 2010, Plaintiff submitted to another drug test at the direction of counsel. The test was negative. A copy of said report is attached hereto as Exhibit C.

22. Defendants discharged Plaintiff based upon the Medical Review Officer's findings.

23. Defendants failed to confirm the chain of custody was unbroken.

24. Defendants failed to consider Plaintiff's subsequent drug test, which was negative.

25. Plaintiff's January 27, 2010 drug test was sufficiently close enough in time to negate the previous test's findings.

26. The Fourth District International Brotherhood of Electrical Workers and American Line Builders Chapter (NECA) created a Written Program and Substance Abuse Policy. The policy mandates that the collection site personnel are to adhere to all federal testing guidelines when performing drug tests. A copy of said policy is attached hereto as Exhibit D.

27. The minimum federal guidelines for drug test collection include: (1) the specimen bottles to be sealed, (2) the seal to be dated, (3) the employee to initial the seal, (4) the chain of custody forms to be completed only after the bottle has been sealed, and (5) the specimen to then be placed in a sealed plastic bag.

28. The collection site personnel did not follow the foregoing steps.

29. Defendants' decision to discharge Plaintiff based upon the faulty drug report is in violation of the collective bargaining agreement between Defendants and Local 70 and federal guidelines by their termination of Plaintiff.

30. Plaintiff has suffered monetary damages as a result of Defendants' actions. Plaintiff is entitled to back pay from the date of termination until he found employment. Plaintiff's total back pay is $40,733.60, from January 15, 2010 until he was hired in a similar job on or about August 31, 2010.

31. Plaintiff's current pay is substantially less than what he was earning while working for Defendants. Although Plaintiff has mitigated his damages he remains entitled to the difference in pay. Plaintiff earned $32.91 per hour working for Defendants. Plaintiff currently earns $29.03. Plaintiff's damages resulting from this difference are currently $2,483.20, over the past four months.

32. Plaintiff expected two additional bonuses while working on the transmission line project. Each bonus would have been in the amount of $1,200.00. Plaintiff is entitled to $2,400.00 in bonus pay.

33. Plaintiff has suffered considerable damages following Defendants' breach of contract, including an early withdrawal from Plaintiffs' IRA account, which subjected Plaintiff to a penalty in the amount of $10,000.00.

34. Plaintiff's total damages resulting from Defendants' unlawful termination are $65,616.80.

## PRAYER FOR RELIEF

That as a direct consequence of Defendants' foregoing actions Plaintiff has suffered damages and prays as follows:

a. Plaintiff is entitled to recover the full amount of his back pay in the amount of SIXTY FIVE THOUSAND SIX HUNDRED SIXTEEN Dollars and EIGHTY Cents ($65,616.80), plus interest thereon at the rate of SIX percent (6%) per annum, pursuant to Virginia Code § 6.1-330.54, from the date of breach, until paid, and his costs expended in this action.

  b.  Plaintiff is entitled to reasonable attorneys' fees for bringing this suit.

  c.  Plaintiff is entitled to such other general and further relief as a jury may find necessary.

### JURY DEMANDED

A trial by jury is demanded.

WHEREFORE, Plaintiff, JAMES E. DUNLAP, moves for judgment against Defendants, L.E. Meyers,, Co. and MYR GROUP, INC., for the sum of SIXTY FIVE THOUSAND SIX HUNDRED SIXTEEN Dollars and EIGHTY Cents ($65,616.80), plus interest thereon at the rate of SIX percent (6%) per annum, pursuant to Virginia Code § 6.1-330.54, from the date of breach, until paid, and his costs expended in this action.

                  RESPECTFULLY SUBMITTED,

                  JAMES E. DUNLAP

                  By _____
                     Of Counsel

Joseph A. Sanzone VSB # 20577
Mark B. Dunevant VSB # 76680
SANZONE & BAKER, P.C.
1106 Commerce Street, P. O. Box 1078
Lynchburg, VA 24505
(434) 846-4691
(434) 528-5264 (facsimile)
  *Counsel for Plaintiff*

*James E. Dunlap v. L.E. Meyers, Co. & MYR Group, Inc.*
**COMPLAINT**
Page 6 of 7

## CERTIFICATE OF SERVICE

The undersigned counsel for James E. Dunlap hereby certifies that on this 28th day of December, 2010, a true and correct copy of the foregoing Complaint was mailed to the Warren County Circuit Court located at 1 East Main Street, Front Royal, Virginia 22630 and for personal service on the Defendants a copy was forwarded to the Clerk of the State Corporation Commission.

_____

Joseph A. Sanzone VSB # 20577
Mark B. Dunevant VSB # 76680
SANZONE & BAKER, P.C.
1106 Commerce Street, P. O. Box 1078
Lynchburg, VA 24505
(434) 846-4691
(434) 528-5264 (facsimile)
    *Counsel for Plaintiff*

```
VALIDATE CASE PAPERS
RCPT : 100001310?
DATE : 12/30/10 TIME: 14:12
CASE : 187CL10000875-00
ACCT : DUNLAP, JAMES E
AMT. :       $251.00
```

*James E. Dunlap v. L.E. Meyers, Co. & MYR Group, Inc.*
**COMPLAINT**
Page 7 of 7